## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES REINHARDT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No._____ |
| | ) | |
| v. | ) | |
| | ) | |
| GP STRATEGIES CORPORATION, SCOTT N. GREENBERG, ADAM H. STEDHAM, SAMUEL D. ROBINSON, TAMAR ELKELES, MARSHALL S. GELLER, STEVEN E. KOONIN, JACQUES MANARDO, and RICHARD C. PFENNIGER,JR., | ) ) ) ) ) ) ) ) | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

Plaintiff Charles Reinhardt ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against GP Strategies Corporation ("GP Strategies" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9. By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which Learning Technologies Group plc ("Parent"), through Gravity Merger Sub, Inc. ("Merger Sub," and collectively with Parent, "Learning Technologies Group") will acquire the Company (the "Proposed Transaction").

2. On July 15, 2021, GP Strategies and Learning Technologies Group jointly announced their entry into an Agreement and Plan of Merger dated July 15, 2021 (the "Merger Agreement"). That agreement provides GP Strategies stockholders will receive $20.85 in cash for each share of GP Strategies common stock they own (the "Merger Consideration").

3. On August 24, 2021, GP Strategies filed a Definitive Proxy Statement on Schedule 14A (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that GP Strategies stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and is and has been at all times relevant hereto, a continuous stockholder of GP Strategies.

10. Defendant GP Strategies is a Delaware corporation with its principal place of business at 70 Corporate Center, 11000 Broken Land Parkway, Suite 300, Columbia, MD 21044. Shares of GP Strategies common stock are traded on the NYSE under the symbol "GPX."

11. Defendant Scott N. Greenberg ("Greenberg") is and has been a Director of the Company at all relevant times. Greenberg is also the Chairman of the Company's Board of Directors.

12. Defendant Adam H. Stedham ("Stedham") is and has been a director of the Company at all relevant times. Stedham is also the Company's Chief Executive Officer ("CEO") and President.

13. Defendant Samuel D. Robinson ("Robinson") is and has been a director of the Company at all relevant times. Robinson is also the Company's Lead Independent Director.

14. Defendant Tamar Elkeles ("Elkeles") is and has been a director of the Company at all relevant times.

15. Defendant Marshall S. Geller ("Geller") is and has been a director of the Company at all relevant times.

16. Defendant Steven E. Koonin ("Koonin") is and has been a director of the Company at all relevant times.

17. Defendant Jacques Manardo ("Manardo") is and has been a director of the Company at all relevant times.

18. Defendant Richard C. Pfenniger, Jr. ("Pfenniger") is and has been a director of the Company at all relevant times.

19. Defendants identified in paragraphs 11-18 are referred to herein as the "Board" or the

"Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

20. On July 15, 2021, GP Strategies and Learning Technologies Group jointly announced in relevant part:

> Columbia, MD., – July 15, 2021 – GP Strategies Corporation (NYSE: GPX), a global workforce transformation solutions provider, today announced it has entered into a definitive agreement to be acquired by Learning Technologies Group (AIM: LTG.L), a provider of services and technologies for digital learning and talent management, for
>
> $20.85 per GP Strategies share in cash, in a transaction valued at approximately $394million. This transaction represents a premium of 40% over the volume weighted average closing price of GP Strategies shares over the past 180 days, 30% over the volume weighted average closing price over the past 60 days and 32% over the closingprice on July 14, 2021, the last trading day prior to this announcement. GP Strategies' Board of Directors has unanimously approved the transaction.
>
> Together, Learning Technologies Group and GP Strategies will create one of the world's largest workforce transformation companies providing solutions to helporganizations and their employees operate more effectively by delivering innovative and superior training, consulting, and business improvement services that are customized to meet its clients' needs. This transaction will also provide GP Strategies access to a larger client base, broader product and services offerings, and a larger global footprint, unlocking substantial value and growth opportunities driven by greater scale, diversity and balance across all products, services, and geographies.
>
> "This transaction represents a tremendous opportunity for our customers and our talented employees to work with the global leader in workplace talent and learning, while providing our shareholders with a meaningful premium to our existing stock price," said Adam Stedham, Chief Executive Officer at GP Strategies. "This combination not only accelerates our growth strategy, but it will also bolster GP Strategies' best-in-class platform with complementary products and specialist services to drive successful and meaningful workforce transformation for our clients. Together,we will offer a customized, holistic tool kit to organizations at the forefront of workplace innovation all around the globe."

Mr. Stedham continued, "This agreement with Learning Technologies Group is a truetestament to the many strengths of our organization, including our reputation in the industry, technical expertise and highly qualified workforce. This combination will position both companies for immediate success and long-term growth while providing GP Strategies shareholders with immediate and certain premium value."

"LTG has long admired GP Strategies and has been in regular contact with their management about a possible combination over the past few years," said Jonathan Satchell, Chief Executive of Learning Technologies Group. "I look forward to welcoming GP's teams and people, who are joining an exciting journey as we benefit from consolidation of the growing corporate learning and talent management industry."

The transaction is expected to be completed during the fourth quarter of 2021, subject to GP Strategies shareholder approval, regulatory clearances, and other customary closing conditions. Upon closing of the transaction, GP Strategies will become a division of Learning Technologies Group and its shares will no longer be listed on theNYSE. The Company expects to continue to go to market with the GP Strategies brandand portfolio of offerings.

Sagard Capital Partners Management, GP Strategies' largest shareholder, supports thetransaction and has entered into a voting and support agreement to vote its shares in favor of the transaction, subject to customary terms and conditions.

**The Proxy Statement Contains Material Misstatements or Omissions**

21. The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to GP Strategies' stockholders. The Proxy Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed voting or appraisal decision on the Proposed Transaction.

22. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) the Company's financial projections; and (b) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Jefferies LLC ("Jefferies").

*Material Omissions Concerning the Company's Financial Projections*

23. The Proxy Statement omits material information regarding the Company's financial projections, including the line items underlying: (a) Adjusted EBITDA; and (b) Unlevered Free Cash Flow.

24. The omission of this information renders the statements in the "Certain Unaudited Forecasted Financial Information" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning Jefferies' Financial Analyses*

25. The Proxy Statement omits material information regarding the data and inputs underlying the valuation analyses performed by the Company's financial advisor, Jefferies.

26. The Proxy Statement describes Jefferies' fairness opinion and the various underlying valuation analyses. That description, however, omits key inputs and assumptions forming the bases of these analyses. The absence of this material information precludes the Company's public stockholders from fully understanding these analyses. As a result, GP Strategies stockholders cannot assess what significance to place on Jefferies' fairness opinion in determining whether to vote in favor of the Proposed Transaction or seek appraisal.

27. With respect to Jefferies' *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (a) the line items used to calculate the Company's unlevered free cash flow; (b) the terminal values for GP Strategies; (c) the inputs and assumptions underlying the discount rates used in the analysis; (d) ) the inputs and assumptions underlying the perpetuity growth rates used in the analysis; (e) the Company's net debt; (f) the Company's net cash and ; (g) the number of fully diluted shares of Company stock.

28. With respect to Jefferies' *Selected Public Companies Analysis*, the Proxy Statement fails to disclose the individual multiples and/or metrics for each "comparable company."

29. With respect to Jefferies' *Selected Precedent Transactions Analysis*, the Proxy Statement fails to disclose the individual multiples and/or metrics for each "precedent transaction."

30. With respect to Jefferies' *Equity Research* Analysis, the Proxy Statement fails to disclose: (a) the price targets used in the analysis; and (b) the sources thereof.

31. The omission of this information renders the statements in the "Opinion of Financial Advisor to GP Strategies" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

32. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other GP Strategies stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

33. Plaintiff repeats all previous allegations as if set forth in full.

34. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

35. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement.  The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or

7

omitted material facts, including material information about the Company's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Jefferies. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

37. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

38. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Claims Against the Individual Defendants for Violations of
Section 20(a) of the Exchange Act**

39. Plaintiff repeats all previous allegations as if set forth in full.

40. The Individual Defendants acted as controlling persons of GP Strategies within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of GP Strategies, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or

shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

42. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

43. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

44. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, GP Strategies' stockholders will be irreparably harmed.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of GP Strategies, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in

concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to GP Strategies stockholders;

   B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

   C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

   D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

   E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 10, 2021    **LONG LAW, LLC**

    By */s/ Brian D. Long*
      Brian D. Long (#4347)
      3828 Kennett Pike, Suite 208
      Wilmington, DE 19807
      Telephone: (302) 729-9100
      Email: BDLong@longlawde.com

      *Attorneys for Plaintiff*